IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CENLAR FSB, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 5:19-cv-1212 |
| DAVID J. MENDOZA and ROXANNE L. MENDOZA, | § § § | |
| Defendants. | § § § | |

## ORIGINAL COMPLAINT

Plaintiff, CENLAR FSB, by its attorneys, complains of Defendants, DAVID J. MENDOZA and ROXANNE L. MENDOZA, as follows:

## THE PARTIES

1. Plaintiff, Cenlar FSB ("Plaintiff"), is a federally chartered wholesale bank with its headquarters in Ewing, New Jersey.

2. Defendant David J. Mendoza ("Mr. Mendoza") is an individual resident and citizen of the State of Texas residing at 11223 Unbridled, San Antonio, Texas 78245. Mr. Mendoza may be served with process at this address.

3. Defendant Roxanne L. Mendoza ("Ms. Mendoza") is an individual resident and citizen of the State of Texas residing at 11223 Unbridled, San Antonio, Texas 78245. Ms. Mendoza may be served with process at this address.

## JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## The Loan

8. On or about August 15, 2014, Mr. Mendoza obtained a $174,811.00 loan from non-party LoanDepot.com, LLC dba iMortgage.  In the transaction, Mr. Mendoza executed a note (the "Note") payable to LoanDepot.com, LLC dba iMortgage.  A true and correct copy of the Note is attached hereto as Exhibit A and incorporated herein by reference.

9. The Note is secured by a Deed of Trust dated August 15, 2014, which is recorded in the Real Property Records of Bexar County, Texas (the "Deed of Trust").  A true and correct copy of the Deed of Trust is attached hereto as Exhibit B and is incorporated herein by reference. The Deed of Trust was executed by Mr. Mendoza, as borrower, and Ms. Mendoza, as borrower's spouse.  The Deed of Trust creates a first lien mortgage on the property located at 11223 Unbridled, San Antonio, Texas 78245, also described as:

> LOT 11 BLOCK 10, COUNTY BLOCK 4334, CHAMPIONS PARK, UNIT 3, AN ADDITION TO BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 9637, PAGE 117 AND 121 OF THE DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS (the "Property).

The Note and the Deed of Trust are collectively referred to as the "Loan."

10. Under the terms and conditions of the Note and Deed of Trust, failure to make a payment when due is considered an event of default.

## Scrivener's Error in Payoff Amount

11. In November 2018, Mr. Mendoza requested a payoff amount for the Loan.

12. On November 19, 2018, Plaintiff provided Mr. Mendoza a payoff statement, indicating that the amount due on the Loan was $55,420.75. Mr. Mendoza paid the amount of $55,420.75 on or about November 19, 2018.

13. On November 28, 2018, Plaintiff filed a Release of the Deed of Trust, which is recorded under Clerk's File No. 20180232422 in the Real Property Records of Bexar County, Texas (the "Release"). A true and correct copy of the Release is attached hereto as <u>Exhibit C</u> and is incorporated herein by reference.

14. On December 13, 2018, Plaintiff returned the original Note to Mr. Mendoza.

15. After receiving the $55,420.75 payment, filing the Release of the Deed of Trust, and returning the original Note, Plaintiff discovered a scrivener's error in the payment history of the Loan. Specifically, on March 19, 2018, the payment history shows a payment in the amount of $103,382.00 erroneously being applied to the Loan account. The March 19, 2018 payment was made by a third party and was intended to be applied to the third party's loan. Plaintiff never received a payment from Mr. Mendoza in the amount of $103,382.00 and the application of this amount to the principal balance of Mr. Mendoza's Loan was in error. A true and correct copy of the Payment History is attached hereto as <u>Exhibit D</u> and incorporated herein by reference.

16. The payoff amount quoted to on October 28, 2016 should have been for the amount of $158,802.75. The current balance of the Note, after applying all credits, payments, and offsets is $103,382.00.

**Demand**

17. On April 2, 2019, Plaintiff sent correspondence to Mr. Mendoza and Ms. Mendoza, enclosing the loan documents and the payment history, explaining the scrivener's error, and making demand for the remaining $103,382.00 due on the Note.

18. In response, Plaintiff received correspondence from Mr. Mendoza stating that the Note was paid in full.

19. Mr. Mendoza has failed to pay the remaining balance of $103,382.00 or to otherwise reaffirm the Note or reinstate the lien.

20. Ms. Mendoza is named herein to the extent that she is a signatory to the Deed of Trust and her presence is necessary for resolution of the lien dispute described herein. No demand for payment is made upon Ms. Mendoza.

21. Plaintiff has performed any and all conditions and obligations required of it under the Note and Deed of Trust.

**Declaratory Judgment Action**

22. Plaintiff incorporates and realleges all preceding paragraphs.

23. There exists an actual controversy between the parties with regard to their rights under the Note and Deed of Trust.

24. Plaintiff seeks a declaration of the status of the Note and Deed of Trust. Plaintiff further seeks a declaration reinstating the Note and Plaintiff's lien on the Property.

WHEREFORE, Plaintiff prays that this Court enter a declaratory judgment reinstating the Note and Deed of Trust and reinstating Plaintiff's lien, together with such other and further relief as shall be just and equitable.

Dated: October 9, 2019

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Sabrina A. Neff*
    Sabrina A. Neff
    TBN# 24065813
    600 Travis St., Suite 2350
    Houston, Texas 77002
    (713) 647-6800 – Telephone
    (713) 647-6884 – Facsimile
    sabrina.neff@huschblackwell.com

    ATTORNEYS FOR PLAINTIFF
    CENLAR FSB

Doc D: 4824-6675-8057.1